IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| SERJ GEVORGYAN<br>a/k/a "Seryozha Gevorgyan,"<br>a/k/a "Seryohagurgen Gevorgyan" | :<br><br>: | VIOLATIONS:<br>18 U.S.C. § 1344 (bank fraud - 2 counts)<br>18 U.S.C. § 1957 (money laundering - 2 counts)<br>Notices of forfeiture |

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant SERJ GEVORGYAN, a/k/a SERYOZHA GEVORGYAN, a/k/a SERYOHAGURGEN GEVORGYAN, was a resident of the Eastern District of Pennsylvania.

2. Bank 1 was a financial institution headquartered in Scranton, Pennsylvania, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC"), with FDIC Certificate Number 7514.

3. A synthetic identity was a false identity comprised of various forms of personal identifying information which were combined to create a new, fraudulent identity. The forms of information often included stolen or fictitious social security numbers and/or stolen or fictitious driver's license numbers. The new synthetic identity was then used to secure loans and lines of credit based on the new, fraudulent identity.

4.      Defendant SERJ GEVORYGAN, with persons unknown to the grand jury, created a synthetic identity, R.A., by combining a stolen name with a valid social security number and a stolen driver's license number. Defendant GEVORYGAN then used this synthetic identity to create a false driver's license using a physical address in the United States that defendant GEVORYGAN controlled and a photograph of a person who was not the real R.A., who had departed the United States in 2016.

5.      Defendant SERJ GEVORYGAN, with persons unknown to the grand jury, created a shell company, Vincentown Systems, Inc. ("Vincentown Systems"), purportedly owned and operated by synthetic identity R.A.

6.      Defendant SERJ GEVORYGAN, with persons unknown to the grand jury, opened bank accounts for Vincentown Systems which were controlled by defendant GEVORGYAN.

7.      Defendant SERJ GEVORGYAN, with persons known and unknown to the grand jury, prepared and submitted, and caused to be prepared and submitted, false applications and documents to financial institutions, in furtherance of a scheme to obtain commercial bank loans through fraud. These applications and documents contained false and misleading information intended to induce financial institutions (the "lenders") to make loans that the lenders would not otherwise have funded.

8.      From in or about 2019 through in or about October 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SERJ GEVORGYAN,**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan"

knowingly executed, and attempted to execute, and aided and abetted the execution and attempted execution of, a scheme to defraud Bank 1, and to obtain the monies owned by and under the care, custody, and control of Bank 1 by means of materially false and fraudulent pretenses, representations, and promises.

## THE SCHEME

9. From at least 2018 through in or about October 2020, defendant SERJ GEVORGYAN controlled Vincentown Systems.

10. Defendant SERJ GEVORGYAN caused Vincentown Systems to apply for commercial loans, even though, as defendant GEVORGYAN well knew, Vincentown Systems was a shell company that had no existing or legitimate business or assets.

11. Defendant SERJ GEVORGYAN prepared, and caused to be prepared, false and misleading loan applications and supporting documentation for Vincentown Systems, including false tax returns and financial statements, as well as false bank statements. These loan applications and supporting documentation purported to accurately reflect the financial condition of Vincentown Systems, but the applications and documentation falsely portrayed Vincentown Systems as a going concern with a significant stream of revenue, when, as defendant GEVORGYAN well knew, Vincentown Systems was a shell company. At the time of these submissions, Vincentown Systems had no existing or legitimate business and, consequently, had no actual earnings or income.

12. Defendant SERJ GEVORGYAN submitted and caused to submitted the false and misleading loan applications and supporting documentation to Bank 1 in order to induce Bank 1 to make loans that Bank 1 otherwise would not have funded.

13. Defendant SERJ GEVORGYAN provided the synthetic identity R.A. to Bank 1 as the owner and an executive of Vincentown Systems.

14. Defendant SERJ GEVORGYAN used the synthetic identity of R.A. in loan applications and supporting documentation submitted to Bank 1 on behalf of Vincentown Systems. These loan applications and this supporting documentation falsely purported to represent the personal and financial information of R.A., who was actually a synthetic identity. Among other things, the loan applications and supporting documentation contained false and misleading information concerning R.A.'s employment, income, and assets, representing that R.A., a synthetic identity, had millions of dollars in assets. This information was material to Bank 1 in making its lending decision.

15. On or about September 5, 2019, defendant SERJ GEVORGYAN caused a false and misleading loan application to be submitted to Bank 1, in the name of shell company Vincentown Systems, purportedly owned by synthetic identity R.A., seeking approximately $300,000 in funds (the "Bank 1 Loan Application").

16. Defendant SERJ GEVORYGAN also caused to be submitted with the Bank 1 Loan Application, fraudulent federal individual income tax returns (IRS Forms 1040) for synthetic identity R.A. for 2016, 2017, and 2018 and S corporation tax returns (IRS Forms 1120S) for Vincentown Systems for 2017 and 2018. The purported Forms 1040 and Forms 1120S falsely stated that Vincentown Systems had over $4 million in total income. However, these returns were fraudulent in that the corporate tax returns had never been filed with the Internal Revenue Service and, as defendant GEVORGYAN well knew, Vincentown Systems had not made any income.

17. Defendant SERJ GEVORYGAN caused Bank 1 to disburse approximately $300,000 in loan proceeds after the Bank 1 Loan Application was approved. These disbursements occurred from on or about October 25, 2019 through on or about January 27, 2020. These funds were electronically wired to a bank account established in the name of Vincentown Systems and controlled by defendant SERJ GEVORGYAN.

18. Defendant SERJ GEVORYGAN caused Vincentown Systems not to repay this loan. As a result, by in or about October 2020, the loan was defaulted, and Bank 1 was not repaid, causing at least $290,868.07 of loss to Bank 1.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

**THE GRAND JURY CHARGES FURTHER THAT:**

1. Paragraphs 1 and 3 through 7 of Count One are incorporated.

2. Bank 2 was a financial institution headquartered in Boston, Massachusetts, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC") with FDIC Certificate Number 29950.

3. From at least 2018 through at least in or about October 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SERJ GEVORGYAN,**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan

knowingly executed, and attempted to execute, and aided and abetted the execution and attempted execution of, a scheme to defraud Bank 2, and to obtain the monies owned by and under the care, custody and control of Bank 2 by means of materially false and fraudulent pretenses, representations, and promises.

### THE SCHEME

4. Defendant SERJ GEVORGYAN prepared and caused to be prepared, loan applications and supporting documentation, including falsified tax returns and financial statements, along with bank statements for Vincentown Systems, which defendant GEVORGYAN caused to submitted to Bank 2.

5. On or about October 1, 2019, defendant SERJ GEVORGYAN caused a false and misleading application for a line of credit and loan to be submitted to Bank 2, in the name of shell company Vincentown Systems, purportedly owned by synthetic identity R.A.,

seeking approximately $670,000 in funds, including a line of credit of approximately $300,000 and a term loan of approximately $370,000 in funds ("the Bank 2 Loan Application").

6. Defendant SERJ GEVORYGAN caused to be submitted with the Bank 2 Loan Application, fraudulent federal S corporation tax returns (IRS Forms 1120S) for 2017 and 2018. The purported Forms 1120S falsely stated that Vincentown Systems had over $4 million in total income. However, these returns were fraudulent in that the 1120 S returns had never been filed with the Internal Revenue Service, as defendant GEVORGYAN well knew, Vincentown Systems was a shell company that did not generate income.

7. After the Bank 2 Loan Application was approved, on or about October 25, 2019, Bank 2 distributed approximately $370,000 to Vincentown Systems by wire transfer to a bank account controlled by defendant SERJ GEVORGYAN.

8. On or about March 31, 2020, Bank 2 distributed approximately $188,000 to Vincentown Systems, and on or about April 30, 2020, Bank 2 distributed approximately $112,000 to Vincentown Systems, by wire transfer to a bank account controlled by defendant SERJ GEVORGYAN.

9. By on or about August 31, 2020, this loan was defaulted, and Bank 2 was not repaid. Defendant SERJ GEVORYGAN's scheme caused actual losses of at least $602,556.22 based on the fraudulent Bank 2 Loan Application that defendant GEVORGYAN caused to be submitted to Bank 2.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS THREE AND FOUR

THE GRAND JURY FURTHER CHARGES THAT:

    1.    Paragraphs 1, 3 through 7, and 9 through 17 of Count One and paragraphs 4 through 9 of Count Two are incorporated here.

    2.    Bank 3 was a financial institution headquartered in Providence, Rhode Island, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC") with FDIC Certificate Number 57957.

    3.    On or about the dates below, in the Eastern District of Pennsylvania, defendant

**SERJ GEVORGYAN,**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan"

knowingly engaged in and willfully caused monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, described more fully below, and such property was derived from a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, each transaction constituting a separate count:

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 3 | October 29, 2019 | Transfer of approximately $30,000 from account 3033 at Bank 3 issued via check to a shell company controlled by defendant SERJ GEVORGYAN. |
| 4 | January 13, 2020 | Transfer of approximately $103,000 from account 3033 at Bank 3 issued via check to a shell company controlled by defendant SERJ GEVORGYAN. |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE NO. 1

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. As a result of the violations of Title 18, United States Code, Section 1344, set forth in this indictment, defendant

**SERJ GEVORGYAN,**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan"

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of his violation of Title 18, United States Code, Section 1344, including but not limited to the sum of at least $893,424.29 in United States currency (money judgment), which represents the proceeds obtained as a result of the defendant's commission of such violations of Title 18, United States Code, Section 1344.

  2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

  All pursuant to Title 18, United States Code, Section 982(a)(2).

## NOTICE OF FORFEITURE NO. 2

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 18, United States Code, Section 1957, set forth in this indictment, defendant

**SERJ GEVORGYAN,**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan,"

shall forfeit to the United States of America any property, real or personal, involved in such violations of Title 18, United States Code, Section 1957, and any property traceable to such property, including but not limited to the sum of at least $133,000 in United States currency (money judgment), which represents property involved in the defendant's commission of such violations of Title 18, United States Code, Section 1957, or property traceable to such property.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

          (a)     cannot be located upon the exercise of due diligence;

          (b)     has been transferred or sold to, or deposited with, a third party;

          (c)     has been placed beyond the jurisdiction of the Court;

          (d)     has been substantially diminished in value; or

          (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL:

███████████████████
FOREPERSON

*Christine & Ayres for*
**JACQUELINE C. ROMERO**
**UUNITED STATES ATTORNEY**

No. _____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

**SERJ GEVORGYAN**
a/k/a "Seryozha Gevorgyan,"
a/k/a "Seryohagurgen Gevorgyan"

## INDICTMENT

Counts
18 U.S.C. § 1344 (bank fraud - 2 counts)
18 U.S.C. § 1957 (money laundering - 2 counts)
Notices of forfeiture



Foreperson

Filed in open court this ____30____ day,
Of __JMW__ A.D. 20 _24_

Bail, $ _____