# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Nos. 24-275-GJP |
| | | 25-034-GJP |
| v. | : | |
| SERJ GEVORGYAN | : | |

## DEFENDANT SERJ GEVORGYAN'S SENTENCING MEMORANDUM

Defendant SERJ GEVORGYAN, by and through his attorney, PANTELLIS PALIVIDAS, ESQ., respectfully submits this memorandum to provide information to assist the Court in fashioning a just and fair sentence. For the reasons set forth below, including Mr. Gevorgyan's acceptance of responsibility, and the circumstances of the offense, a sentence at the bottom of the guidelines range is sufficient and not greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

### I.  INTRODUCTION

On July 30, 2024, Mr. Gevorgyan was indicted on two counts of bank fraud (Count 1-2; 18 U.S.C. §1344) and two counts of money laundering (Counts 3-4; 18 U.S.C. 1957). On January 29, 2025, Mr. Gevorgyan was charged by information with conspiracy to defraud the United States and make false statements (18 U.S.C. § 371).

On February 3, 2025, Mr. Gevorgyan pled guilty to Counts 1-4 of the indictment and Count 1 of the information. On January 29, 2025, Mr. Gevorgyan was charged by information with conspiracy to defraud the United States and make false statements (18 U.S.C. § 371) for his role in a U.S. Department of Transportation ("USDOT") "double brokering skimming" whereby shell

companies bid on freight loads on the USDOT's Internet load boards and then resold those same loads for a profit to other freight carriers (25CR00034).

On February 3, 2025, Mr. Gevorgyan pled guilty to Counts 1-4 of the indictment and Count 1 of the Information. Mr. Gevorgyan accepted responsibility for his role in this serious conduct outlined by the government. The defendant submits that a sentence at the bottom of the guidelines range is appropriate for reasons discussed within this memorandum below. Given the defendant's character, age, and lack of criminal record, a sentence of no greater than is appropriate and not greater than necessary to comport with the federal sentencing factors guiding this Court's determination.

## II.     SENTENCING CALCULATION

The sentencing guidelines calculated by the United States Probation Office are accurate.

## III.    APPLICABLE LEGAL FRAMEWORK FOR SENTENCING

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the district courts are not bound to apply the Sentencing Guidelines. However, they "must consult those Guidelines and take them into account when sentencing." 543. U.S. at 264.

### A.     18 U.S.C. § 3553(a)

The Court must consider the factors outlined in 18 U.S.C. § 3553(a) in sentencing the defendant and imposing sentences that promote the "sentencing goals" listed in that provision. The Third Circuit has interpreted the statue as requiring the imposition of a sentence which is "minimally sufficient" to achieve the stated purposes of sentencing. United States v. Serafini, 233 F.3d 758, 776 (3d Cir. 2000). The relevant factors outlined therein are as follows:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence to be imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for – the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines - . . .

A review of Mr. Gevorgyan's personal background, including history and character, as outlined below, is helpful in fashioning the appropriate sentence.

## IV. The Requirements of Section § 3353(a)

### A. <u>The Nature and Circumstances of the Offense & The History and Characteristics of the Defendant</u>

Under §3553(a)(1), the Court must analyze "the nature and circumstances" of the offense. The offenses are serious and Mr. Gevorgyan has accepted responsibility for their severity. Under §3553(a)(1), the Court must analyze "the nature and circumstances" of the offense. The offenses are serious and Mr. Gevorgyan has accepted responsibility for their severity. However, there are certain mitigating aspects of the offenses which merit consideration in fully evaluating Mr. Gevorgyan's culpability to arrive at a just and fair sentence.

The first scheme involved defrauding two different financial institutions by applying for commercial loans for a shell company that Gevorgyan set up with a synthetic identity and submitted false supporting documents. First, the scheme was not Gevorgyan's brainchild. He was introduced to the scheme through a related defendant under Criminal No. 24-280. The related defendant introduced him to another defendant who coached him through the scheme in exchange for a fee. This was an existing scheme operated by more culpable individuals who required recruits to execute the loans in exchange for a portion of the fraudulent loan proceeds. Second, Gevorgyan became involved in the scheme when he was facing financial troubles and turned to a close and trusted member of the Armenian community. That individual referred him to another defendant who coached him through the scheme in exchange for a fee. Whilst this does not absolve Gevorgyan of culpability, in fashioning a just sentence, the Court should consider his role relative to others who conceived and helped execute the scheme. Mr. Gevorgyan was a recruit and client in their scheme to commit commercial loan fraud in exchange for a fee.

The second scheme involved a USDOT "double-brokering skimming" of freight loads on the USDOT's Internet load boards. Mr. Gevorgyan's scheme constituted a form of freight load price arbitrage by illegally exploiting the USDOT's Internet load board system. The government acknowledges that he did not intend to defraud individual truck drivers despite the collateral consequence that 14 truckers were defrauded because of skirting USDOT regulations. Without minimizing the scheme's harm, it is less severe than intentionally targeting and defrauding individual drivers.

Mr. Gevorgyan's personal history is marked by early, sustained hardship. He spent his earliest years as a child in Armenia during an active war, in conditions of instability and deprivation that no child should experience. He recalls that during this period his family lived

4

without electricity, and basic necessities were difficult to obtain—food shortages were common, shelves were empty, and there was no reliable hot water or heat. PSI ¶ 70. He remembers seeing military tanks in the streets and hearing explosions, and he described days when he went hungry. Id.

In more recent years, Mr. Gevorgyan's circumstances deteriorated sharply due to failed investments and mounting financial hardship, which placed significant strain on his household. He described making "bad investments," leaving his wife and children without money and dependent on his parents for basic support. PSI ¶ 73. Furthermore, he began gambling, forcing him to rely heavily on credit cards to cover living expenses and accumulate debt he was unable to repay.

Compounding those stressors, Mr. Gevorgyan also developed serious substance abuse issues during this same period of decline. He reported that, beginning approximately two years ago, he started abusing alcohol and cocaine, and by the time of his arrest he was consuming large amounts daily—drinking roughly half a bottle of whiskey and using cocaine every day. PSI ¶ 86. He described how this pattern interfered with his life and health, and his family was largely unaware of the extent of his substance use at the time.

    B.    <u>Just Punishment</u>

The advisory guideline range is 87 to 108 months, driven by a total offense level of 29 and Criminal History Category I. PSI ¶ 61, 106. He has been in continuous federal custody since his arrest on August 2, 2024. While in custody he has had no disciplinary infractions. PSI ¶ 13. This is his first contact with the criminal justice system.

    C.    <u>Need for Adequate Deterrence and Protect the Public from Further Crimes of the Defendant</u>

General detterance is crucial to fraud cases, and a term of imprisonment will advance that goal. The most effective way to reduce future risk is to pair with the term of imprisonment,

meaningful conditions that address the identified drivers of instability —substance abuse and gambling—along with rigorous financial disclosure and restrictions during supervision.

    D.    <u>The Requested Sentence Avoids Unwarranted Disparities</u>

The court must avoid unwarranted disparities among similarly situated defendants. A sentence anchored to the advisory framework (or a justified variance) will remain consistent with national practice while reflecting the individualized characteristics here: no prior record, significant family responsibilities, and identifiable treatment needs.

    E.    <u>Promote Respect for the Law</u>

The Court's legitimacy will not be questioned if it imposes a sentence at the bottom of the guidelines for Mr. Gevorgyan and is sufficient to promote respect for the law.

    F.    <u>Providing the Defendant with Educational or Vocational Training, Medical Care, or other correctional treatment in the most effective manner</u>

Mr. Gevorgyan will certainly benefit from mental health treatment. A sentence that incorporates meaningful gambling and substance abuse treatment will advance rehabilitation and reduce the likelihood of future misconduct. The criminal justice system has increasingly recognized the need for such treatment. The Court is in the position to use supervision as a tool to assist Mr. Gevorgyan become mentally stronger.

    **V.**    **CONCLUSION**

Given Mr. Gevorgyan's acceptance of responsibility and the facts and circumstances the led to the offense, he should be sentenced at the bottom of the guidelines.

    Respectfully Submitted,

    _____/s/_____

    Pantellis Palividas, Esq.
    100 S. Broad Street, suite 1910
    Philadelphia PA 19110

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Nos. 24-275-GJP |
| | | 25-034-GJP |
| v. | : | |
| SERJ GEVORGYAN | : | |

## CERTIFICATE OF SERVICE

I, PANTELLIS PALIVIDAS, ESQUIRE, certify that on this 27th day of February 2026, I have served the below referenced parties via electronic filing, a copy of the attached Sentencing Memorandum upon:

AUSA MARY E. CRAWLEY  
615 Chestnut Street  
Suite 1250  
Philadelphia, PA 19106

The Honorable Gerald J. Pappert  
US District Court Judge, EDPA